(No. 20335.—

SARAH E. McDONALD, Plaintiff in Error, *vs.* MARGARETHA
SAUTTER *et al.* Defendants in Error.

*Opinion filed October 23, 1931—Rehearing denied Dec. 2, 1931.*

WILLIAM C. SMITH, for plaintiff in error.

SHERMAN C. SPITZER, and EDMUND J. REYNOLDS, for
defendant in error Nellie VerHaar.

Mr. JUSTICE DEYOUNG delivered the opinion of the
court:

Sarah E. McDonald filed an amended bill in the circuit
court of Cook county for the specific performance of a
contract by which Margaretha Sautter agreed to sell and

convey certain real estate to the complainant. Nellie Ver-Haar and Robert C. Bennett as well as the vendor were made defendants to the bill. Separate answers were filed by Margaretha Sautter and Nellie VerHaar. The evidence was heard by a master in chancery who made a report recommending that the amended bill be dismissed for the want of equity and that all costs be taxed against the complainant. Objections and exceptions were successively overruled, and a decree in conformity with the master's recommendation was entered, except that the defendant Nellie VerHaar was required to pay a portion of the costs and all the defendants were directed to refund certain sums of money to the complainant. This writ of error is prosecuted by the complainant to obtain a review of the record.

Prior to May 21, 1923, Margaretha Sautter, a resident of Phillips, Wisconsin, owned four vacant lots having a frontage of one hundred feet on Vincennes road, south of 110th street, in the city of Chicago. Sarah E. McDonald, who had resided in the vicinity of the lots for thirty years, on May 21, 1923, entered into a written contract with the owner to purchase them. The price was fixed at $1600 and after reciting the payment by the purchaser of $50 as earnest money to be applied on the purchase when consummated, the contract provided that the purchaser "agrees to pay within sixty days after the title has been examined and found good, or accepted by her; this deal is not to be closed until sixty days after the date of the accepting of this earnest money contract. The purchaser agrees to pay all taxes and assessments levied after the year of 1922. A certificate of title issued by the registrar of titles of Cook county, or complete merchantable abstract of title or merchantable copy brought down to date hereof, or merchantable title guaranty policy made by the Chicago Title and Trust Company shall be furnished by the vendor within sixty days and if the vendor fails to furnish a sufficient title to the above named property, then she must return

to the purchaser the sum of fifty ($50) dollars earnest money." No conveyance of the lots was ever made to the plaintiff in error, and approximately seven months after the contract in question was signed, Margaretha Sautter, the owner, a widow, by a warranty deed dated December 15, 1923, conveyed the lots in question to Nellie VerHaar. The grantee, with James VerHaar, her husband, on December 14, 1923, executed a trust deed on the same lots to Robert C. Bennett, as trustee, to secure the payment of an indebtedness of $1000. Both the warranty and trust deeds were filed for record on December 22, 1923.

The plaintiff in error testified that after the contract was signed, the abstract of title to the lots was sent to J. P. Harden, an attorney at law; that she called at Harden's office for the abstract several times but that he refused to deliver it to her; that she wrote the defendant in error Sautter a number of letters prior to October, 1923, informing her that she, the plaintiff in error, was ready to carry out the contract on her part, but that she received no answer to her letters. Two receipts issued by Harden to the plaintiff in error for the cost of the extension of the abstract of title, one showing the payment of $42 and the other of $20, were introduced in evidence. At the hearing before the master in chancery, the sum of $1550 was tendered in payment of the remainder of the purchase price, but the tender was refused.

From the evidence introduced in behalf of the defendants in error it appears that Harden represented the plaintiff in error; that the State Bank of Phillips, acting for the defendant in error Sautter, sent the abstract of title to Harden for the purpose of having it extended; that he caused the extension to be made and that he was reimbursed for its cost by the defendant in error Sautter. Later, on July 23, 1923, Harden wrote Gustave Bliese, who was Mrs. Sautter's agent, at Phillips, Wisconsin, that the plaintiff in error had informed him she would not be ready to

consummate the purchase of the lots until the first day of August. Subsequently, on July 25, 1923, the plaintiff in error addressed Bliese stating that she had hypothecated securities with a bank for a loan out of which she expected to pay the purchase price; that the officers of the bank in charge of the matter were absent from the city and would not return until August 15, and that she would be ready to complete the purchase within five days thereafter. The State Bank of Phillips, on the following day, by letter requested Harden to return the abstract of title. Harden complied with the request.

Robert C. Bennett, one of the defendants in error, testified that he met the plaintiff in error in the latter part of 1923, when she told him that she had a contract for the purchase of the lots in question; that he inquired why she had not consummated her purchase and she replied that she did not have the money and required an extension of time to obtain it, and that he thereupon advised her, in case she sought such an extension, to confer with Edgar W. Ingold, a nephew of the defendant in error Sautter. Ingold testified that the plaintiff in error called at his office late in the year 1923; that she told him she had not completed her contract for the purchase of the lots because she had been unable to raise the money required; that before she called he had received from the defendant in error Sautter certain instruments relating to the sale of the lots to Nellie VerHaar; that he had delivered these instruments to Irving E. Read, an attorney at law, and that he, the witness, for that reason, referred the plaintiff in error to him.

Irving E. Read testified that the plaintiff in error inquired of him what could be done about carrying out the contract which she had with the defendant in error Sautter; that he told her she was too late because the time within which she was to complete the purchase of the lots had expired and the lots since had been sold to Nellie Ver-

Harr; that she admitted she was in default but added that her failure to perform the contract was owing to her lack of money; that she made no claim that an abstract of title had not been furnished her, and that to his inquiry whether Harden was her attorney, she replied that he represented her.

From the testimony of James VerHaar it appears that he paid $2000 for the conveyance of the lots to his wife by the deed dated December 15, 1923; that he met the plaintiff in error about six months after that conveyance was made and told her that he understood she asserted some claim to the lots; that she answered in the affirmative and that she referred him to Harden, her attorney, for information respecting her claim. The witness further testified that later he called upon Harden who told him that he represented the plaintiff in error; that he had received the abstract of title to the lots, but that the plaintiff in error had done nothing towards completing the purchase; that he, Harden, reminded her that no money had been paid and her answer was that she had tried to obtain it; that he returned the abstract to the defendant in error Sautter when requested to do so, and that he retained as his fee for the services he had rendered the plaintiff in error, a part of the money she had deposited with him. Twenty-six tax and special assessment receipts, introduced in evidence, showed that Nellie VerHaar had paid $1767.35 for taxes and special assessments on the lots since she acquired the title to them.

The plaintiff in error, called by the defendants in error, testified that she conveyed the lots to John McKenzie on November 7, 1927, and that $1640 was the consideration. McKenzie, the grantee in the deed, also called by the defendants in error, testified that the plaintiff in error had an option to re-purchase the lots and that he thought the money she tendered before the master in chancery was a part of the consideration which he had paid her for the deed. Testimony was also introduced by the defendants in

error that the value of the lots had increased substantially since the contract with the plaintiff in error was signed.

A reversal of the decree is sought by the plaintiff in error because she asserts in effect, first, that the evidence justifies the specific enforcement of the contract for the sale and conveyance of the lots; second, that the retention of the earnest money, in any event, deprived the defendant in error Sautter of the right to terminate that contract, and third, that the recording of the contract prior to the execution and delivery of the deed to Nellie VerHaar charged her with notice of the superior rights of the plaintiff in error in the property.

A party seeking to enforce the specific performance of a contract to convey land must prove that he has complied with all the provisions of the contract requiring performance on his part, or that he was able, ready and willing to do so, but was prevented from carrying out those provisions by the other party. (*Gladstone* v. *Warshovsky*, 332 Ill. 376; *O'Donnell* v. *Henley*, 327 id. 406; *Johnson* v. *Crouch*, 325 id. 559; *Kellogg* v. *Kartte*, 323 id. 443; *Harris* v. *Eich*, 306 id. 303; *Willhite* v. *Schurtz*, 294 id. 309; *Bennett* v. *Burkhalter*, 257 id. 572). The evidence fails to show that the plaintiff in error complied with either of these requirements. She stated to several persons at different times that she had not completed the purchase of the lots because she did not have or could not borrow the money required therefor. No showing of her ability to perform her part of the contract was made until four and one-half years after the contract was signed. On November 7, 1927, she made a purported sale and conveyance of the lots to John McKenzie who testified that she had the right to re-purchase them and that he thought the money tendered at the master's hearing was a part of the money he had paid for the deed. The offer of the plaintiff in error to perform the contract was made long after the period for performance by her had expired and at a time when the value of the

lots had increased substantially. She would not be permitted to speculate upon the value of the property, and her failure to perform the contract within the time fixed therefor authorized the defendant in error Sautter to terminate the contract and to sell and convey the lots to a third person. The evidence amply sustains the findings of the master.

It is argued, however, that the defendant in error Sautter, by the retention of the earnest money, surrendered her right to abrogate the contract. The acceptance of the earnest money did not change or waive any of the provisions of the contract thereafter to be performed by the plaintiff in error. The contract provided for the return of the earnest money only in case the vendor, Margaretha Sautter, failed to furnish a sufficient title. She furnished an abstract of the title to the lots and the plaintiff in error made no claim that the title was not satisfactory. There was no default in performance of the contract by the defendant in error Sautter. The plaintiff in error, on the contrary, failed to discharge her obligations under the contract within the time prescribed therefor. The retention of the earnest money, under these circumstances, did not deprive the defendant in error Sautter of the right to terminate the contract.

The contention that the defendant in error Nellie VerHaar is charged with notice of the superior rights of the plaintiff in error under the contract because it appeared of record when the latter acquired title to the lots is likewise untenable. The right to terminate the contract was complete in the defendant in error Sautter before she conveyed the lots to Nellie VerHaar and the prior recording of the contract did not affect or impair the title or interest acquired by the grantee in that conveyance.

The circuit court, by its decree, after overruling all the complainant's exceptions to the master's report and dismissing the amended bill for the want of equity, directed the defendants in error to refund to the plaintiff in error the

sum of $50, the earnest money paid the defendant in error Sautter, and the further sum of $62 which the plaintiff in error had deposited with .Harden, her attorney. Cross-errors are assigned upon these portions of the decree. The theory upon which the two sums were ordered paid is not readily discernible, but since the defendants in error, in their argument, expressly waive relief from these provisions of the decree, consideration of the cross-errors is unnecessary.

The decree of the circuit court is affirmed.

*Decree affirmed.*